## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ERIC VEILLEUX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 3:16-cv-02116 (MPS) |
| ) | |
| PROGRESSIVE NORTHWESTERN ) | |
| INS. CO. ET AL., ) | |
| ) | |
| Defendant. ) | February 22, 2017 |

### **AMENDED COMPLAINT**

**Count One** – As against Progressive Northwestern Ins. Co., insurer of Central Auto & Transport, LLC

1.  On and around September 8, 2006, Central Auto & Transport, LLC (hereinafter "Central Auto") was a limited-liability company with an office and principle place of business at 195 Maxim Road, Hartford, Connecticut, engaged in intra- and inter-state transport of property, and was subject to the Federal Motor Carrier Safety Act, and Connecticut state motor carrier regulations.

2.  On September 8, 2006, Central Auto owned a certain 1988 Volvo Aero tractor, CT Registration No. 37477A, VIN: 4V1WDBJH1JN600000 (hereinafter "the tractor"), and a detachable 1993 Landol trailer, CT Registration No. V66116, VIN: 1LH317WH5P1006606 (hereinafter "the trailer"), which were involved in the accident involving the Plaintiff as hereafter described.

1

3. On September 8, 2006, the aforesaid tractor and trailer, owned by Central Auto and operated by Joseph Cunningham (hereinafter "Cunningham") delivered an aerial lift to the premises of GDS Contracting Corp. in Berlin, Connecticut, where, at the time, the Plaintiff Eric Veilleux was employed.

4. In the course of unloading the aerial lift from the tractor, which involved the operation of both the tractor and the trailer by Cunningham, the Plaintiff Eric Veilleux suffered severe, serious, and permanent personal injuries while in the bucket of the aerial lift.

5. On or about September 3, 2008, the Plaintiff filed suit in Hartford Superior Court, subsequently designated Docket No HHD-CV08-5022642-S, seeking recovery from Central Auto and other Defendants for the severe, serious, and disabling injuries suffered by the Plaintiff in the course of unloading the aerial lift, which injuries are more fully set forth in said complaint, as amended.

6. On March 30, 2016, the Plaintiff, Eric Veilleux, entered into a stipulation with Central Auto in the aforesaid lawsuit, upon which judgment entered on said date, wherein Central Auto stipulated to liability for the injuries suffered by the Plaintiff as aforesaid, and to a judgment in favor of the Plaintiff in the amount of Three Million Seven Hundred and Fifty Thousand Dollars ($3,750,000), plus costs.

7. On September 8, 2006, Central Auto was insured for liability for the injuries suffered by the Plaintiff on said date as described above, by Progressive Northwestern Ins. Co., under commercial auto insurance policy No. 03550179-0 for the policy period June 2, 2006 through June 2, 2007, for Seven Hundred and Fifty Thousand Dollars ($750,000), plus the cost of defense.

8. The aforesaid policy contained an endorsement for motor carrier policies of insurance for public liability under section 29 and 30 the Federal Motor Carrier Act (endorsement MC1622k), which also provided coverage for Central Auto in the same amount for the accident and injuries suffered by the Plaintiff.

9. Defendant Progressive Northwestern Ins. Co. neglected and/or refused to provide coverage to Central Auto for the aforesaid accident and injuries to the Plaintiff as aforesaid.

10. The Defendant, Progressive Northwestern Ins. Co., had and has an obligation to insure and defend Central Auto in the cause of action brought by the Plaintiff, as described in Paragraph 5 hereof, under the policy described in paragraphs 7 and 8 hereof.

11. The Plaintiff brings this action under C.G.S. section 38a-321 for the full amount of coverage provided for in the aforesaid policy in the amount of Seven Hundred and Fifty Thousand Dollars ($750,000).

**Count Two** – As against Progressive Northwestern Ins. Co., insurer of Central Auto & Transport, LLC

1. Paragraphs 1 through 10 of Count One are hereby incorporated and made paragraphs 1 through 10 of this, Count Two, as if fully set forth herein.

11. The Plaintiff brings this action based on the assignment of all rights of Central Auto as against Progressive Northwestern Ins. Co., as referenced in the stipulation filed with the Superior Court, Docket No HHD-CV08-5022642-S, under date of March 30, 2016, a copy of which is attached hereto and made a part hereof, for the full amount of coverage provided for in the aforesaid policy in the amount of Seven Hundred and Fifty Thousand Dollars ($750,000),

plus attorneys' fees and expenses, paid by Central Auto in defense of said prior suit by the Plaintiff.

**Count Three** – As against Progressive Northwestern Ins. Co., insurer of Central Auto & Transport, LLC

    1.    Paragraphs 1 through 10 of Count One are hereby incorporated and made paragraphs 1 through 10 of this, Count Three, as if fully set forth herein.

    11.    The policy issued by this Defendant to Central Auto, as described in paragraphs 7 and 8 above, specifically provides that upon failure of this Defendant to pay any final judgment recovered against Central Auto, the judgment creditor may maintain an action in any court of competent jurisdiction against this Defendant to compel such payment.

    12.    The Plaintiff brings this action as the judgement creditor of Central Auto and/or third-party beneficiary of the policy between this Defendant and Central Auto, seeking the full amount of coverage provided for under the aforesaid policy in the amount of Seven Hundred and Fifty Thousand Dollars ($750,000), plus attorneys' fees and expenses, paid by Central Auto in defense of said prior suit by the Plaintiff.

**Count Four** – As against Progressive Northwestern Ins. Co., insurer of Central Auto & Transport, LLC

    1.    Paragraphs 1 through 10 of Count One are hereby incorporated and made paragraphs 1 through 10 of this, Count Four, as if fully set forth herein.

    11.    In denying coverage to Central Auto, in the Plaintiff's prior lawsuit, this Defendant acted in bad faith, and intentionally, willfully, and/or with reckless disregard and/or in derogation of the rights of Central Auto and the Plaintiff under the above-referenced

insurance policy, in that, in addition to denying coverage as to Central Auto as the owner of the tractor and trailer, this Defendant denied coverage under the motor carrier endorsement, which is considered a suretyship by the insurance carrier to protect the public, and in derogation of the terms of and/or public policy behind the Federal Motor Carrier Safety Act, and there was no colorable basis on which to deny coverage under said endorsement.

    12.    The Plaintiff seeks payment of the full amount of coverage provided for under the above-referenced policy in the amount of Seven Hundred and Fifty Thousand Dollars ($750,000), attorneys' fees and expenses paid by Central Auto in defense of the Plaintiff's prior action described herein, and punitive damages.

**Count Five** – As against Progressive Northwestern Ins. Co., insurer of Central Rigging & Transfer, LLC

    1.    On and about September 8, 2006, Central Rigging & Transfer, LLC (hereinafter "Central Rigging") was a limited liability company with an office and principal place of business at 195 Maxim Road, Hartford, Connecticut, and was engaged in intra- and inter-state transport of property, and was subject to the Federal Motor Carrier Safety Act, and Connecticut state motor carrier regulations.

    2.    On September 8, 2006, a certain 1988 Volvo Aero tractor, CT Registration No. 37477A, VIN: 4V1WDBJH1JN600000 (hereinafter "the tractor"), was registered with the Connecticut Department of Motor Vehicles to Central Rigging.

    3.    On September 8, 2006, the tractor was emblazoned in large letters on the driver's side door with "Central Rigging – 860-246-7616, Hartford, CT."

4. On September 8, 2006, the aforesaid tractor, operated by Joseph Cunningham (hereinafter "Cunningham") delivered an aerial lift to the premises of GDS Contracting Corp. in Berlin, Connecticut, where, at the time, the Plaintiff Eric Veilleux was employed.

5. In the course of unloading the aerial lift from the tractor, which involved the operation of both the tractor and the trailer attached thereto by Cunningham, the Plaintiff Eric Veilleux suffered severe, serious, and permanent personal injuries while in the bucket of the aerial lift

6. On or about September 3, 2008, the Plaintiff filed suit in Hartford Superior Court, subsequently designated Docket No HHD-CV08-5022642-S, seeking recovery from Central Rigging for the severe, serious, and disabling injuries suffered by the Plaintiff in the course of unloading the aerial lift, which injuries are more fully set forth in said complaint, as amended.

7. On March 30, 2016, the Plaintiff, Eric Veilleux, entered into a stipulation with Central Rigging in the aforesaid lawsuit, upon which judgment entered on said date, wherein Central Rigging stipulated to liability for the injuries suffered by the Plaintiff as aforesaid, and to a judgment in favor of the Plaintiff in the amount of Three Million and Seven Hundred and Fifty Thousand Dollars ($3,750,000), plus costs.

8. On September 8, 2006, Central Rigging was insured for liability for the injuries suffered by the Plaintiff on said date, as described above, by Progressive Northwestern Ins. Co., under commercial auto insurance policy no. 08476058-1 for the policy period March 10, 2006 through March 10, 2007, in the amount of One Million Dollars ($1,000,000), plus the cost of defense.

9.  Defendant Progressive Northwestern Ins. Co. neglected and/or refused to provide coverage to Central Rigging for the accident and injury described above.

10. The Defendant, Progressive Northwestern Ins. Co., had and has an obligation to insure and defend Central Rigging in the cause of action brought by the Plaintiff, as described in Paragraph 6 hereof, under the policy described in paragraph 8 hereof.

11. The Plaintiff brings this action under C.G.S. section 38a-321 for the full amount of coverage provided for in the aforesaid policy in the amount of One Million Dollars ($1,000,000).

**Count Six** – As against Progressive Northwestern Ins. Co., insurer of Central Rigging & Transfer, LLC

1.  Paragraphs 1 through 10 of Count Five are hereby incorporated and made paragraphs 1 through 10 of this, Count Six, as if fully set forth herein.

11. The Plaintiff brings this action on the assignment of all rights of Central Rigging as against Progressive Northwestern Ins. Co., as contained in the stipulation filed with the Superior Court, Docket No HHD-CV08-5022642-S, under date of March 30, 2016, a copy of which is attached hereto and made a part hereof, for the full amount of coverage provided for in the aforesaid policy in the amount of One Million Dollars ($1,000,000), plus attorneys' fees and expenses, paid by Central Rigging in defense of said prior suit by the Plaintiff.

**Count Seven** – As against Progressive Northwestern Ins. Co., insurer of Central Rigging & Transfer, LLC

1.  Paragraphs 1 through 10 of Count Five are hereby incorporated and made paragraphs 1 through 10 of this, Count Seven, as if fully set forth herein.

11. In denying coverage to Central Rigging, in the Plaintiff's prior lawsuit, this Defendant acted in bad faith, and intentionally, willfully, and/or with reckless disregard and/or in derogation of the rights of Central Auto and the Plaintiff under the above-referenced insurance policy, in that, in addition to denying coverage as to Central Rigging as the registrant of the tractor, this Defendant denied coverage on the basis that: (a) there was no evidence that the tractor was used in the business of Central Rigging, when the name "Central Rigging" is painted on the side of the tractor, and the tractor is registered to Central Rigging; (b) that Central Auto & Transport, LLC, and Central Rigging were essentially owned by the same individual, Robert Greco, which is not a basis for denying coverage; and (c) that there was no evidence that the tractor was hired, rented, or borrowed by Central Rigging from Central Auto.

12. The Plaintiff seeks payment of the full amount of coverage provided under the above referenced policy in the amount of One Million Dollars ($1,000,000), plus attorneys' fees and expenses, paid by Central Rigging in defense of said prior suit by the Plaintiff, and punitive damages.

**Count Eight** – As against Nautilus Ins. Co., insurer of Central Rigging & Transfer, LLC

1. Paragraphs 1 through 7 of Count Five are hereby incorporated and made paragraphs 1 through 7 of this, Count Eight, as if fully set forth herein.

8. On September 8, 2006, Central Rigging was insured for liability for the injuries suffered by the Plaintiff on said date as described above, by Nautilus Ins. Co. under policy no. BN547271, covering the period of June 23, 2006 to June 23, 2007, for Two Million Dollars ($2,000,000), plus the cost of defense.

9. Defendant Nautilus Ins. Co. neglected and/or refused to provide coverage for Central Rigging for the accident and injury described above.

10. The Defendant, Nautilus Ins. Co., had and has an obligation to insure and defend Central Rigging in the cause of action brought by the Plaintiff, as described in Paragraph 6 hereof, under the policy described in paragraph 8 hereof.

11. The Plaintiff brings this action under C.G.S. section 38a-321 for the full amount of coverage provided for under the aforesaid policy, in amount of Two Million Dollars ($2,000,000).

**Count Nine** – As against Nautilus Ins. Co., insurer of Central Rigging & Transfer, LLC

1. Paragraphs 1 through 10 of Count Eight are hereby incorporated and made paragraphs 1 through 10 of this, Count Nine, as if fully set forth herein.

10. The Plaintiff brings this action on the assignment of all rights of Central Rigging as against Nautilus Ins. Co., as contained in the stipulation filed with the Superior Court, Docket No HHD-CV08-5022642-S, under date of March 30, 2016, a copy of which is attached hereto and made a part hereof, for the full amount of coverage provided for in the aforesaid policy in the amount of Two Million Dollars ($2,000,000), plus attorneys' fees and expenses, paid by Central Rigging in defense of said prior suit by the Plaintiff.

WHEREFORE, the Plaintiff claims:

1. Compensatory damages in the form of the policy limits as described in the Complaint;

2. Attorney's fees and costs incurred by Central Auto & Transport and Central Rigging & Transfer in defense of the previous action brought by the Plaintiff; and

3. Punitive Damages.

                The Plaintiff

BY: /s/Stephen F. McEleney
     Stephen F. McEleney
     His Attorney
     McEleney & McGrail, LLC
     20 Church Street, Suite 1730
     Hartford, CT 06103
     sfmc@mceleneylaw.com
     T: 860-249-1400
     F: 860-549-5865

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ERIC VEILLEUX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Civil Action No. |
| v. | ) 3:16-cv-02116 (MPS) |
| | ) |
| PROGRESSIVE NORTHWESTERN | ) |
| INS. CO. ET AL., | ) |
| | ) |
| Defendant. | ) February 22, 2017 |

**STATEMENT OF AMOUNT IN DEMAND**

The amount in demand is in excess of FIFTEEN THOUSAND AND 00/100 DOLLARS ($15,000), exclusive of interest and costs.

                    The Plaintiff

                    BY: /s/Stephen F. McEleney
                         Stephen F. McEleney
                         His Attorney
                         McEleney & McGrail, LLC
                         20 Church Street, Suite 1730
                         Hartford, CT 06103
                         sfmc@mceleneylaw.com
                         T: 860-249-1400
                         F: 860-549-5865

| | | |
|---|---|---|
| DOCKET NO.: HHD-CV08-5022642-S | : | SUPERIOR COURT |
| ERIC VEILLEUX, ET AL. | : | J.D. OF HARTFORD |
| VS. | : | AT HARTFORD |
| CENTRAL RIGGING & TRANSFER, LLC, ET AL. | : : | MARCH 30, 2016 |

## STIPULATED JUDGMENT

WHEREAS, Eric Veilleux,, is the plaintiff.

WHEREAS, Central Rigging & Transfer, LLC and Central Auto & Transport, LLC are the remaining two defendants in this lawsuit which is currently pending in the Judicial District of Hartford at Hartford; and

WHEREAS, plaintiff timely filed this cause of action seeking damages of Central Rigging & Transfer, LLC and Central Auto & Transport, LLC and other defendants; and

WHEREAS, the plaintiff has resolved all claims against those other defendants named in this action including Central Construction Services, LLC, Joseph Cunningham, United Rentals, Inc. and United Rentals (North America), Inc.

WHEREAS, the plaintiff and these defendants, Central Rigging & Transfer, LLC and Central Auto & Transport, LLC wish to resolve between them the litigation arising out of the events alleged in the Complaint and Amended Complaint and the facts asserted therein, upon the

entry of a Judgment by this Court incorporating the terms of the agreement between these parties as described in this Stipulated Judgment and further set forth below:

NOW, THEREFORE, in consideration of their mutual promises herein, the plaintiff and defendants, Central Rigging & Transfer, LLC and Central Auto & Transport, LLC, have agreed as follows:

1. The Plaintiff will make a motion for entry of a judgment of the Superior Court incorporating the terms of this Stipulated Judgment. Said motion for judgment will not be objected to by Central Rigging & Transfer, LLC and Central Auto & Transpot, LLC.

2. Said parties' agreement to settle this litigation on the terms set forth in paragraphs 3 through 11 of this Stipulated Judgment is expressly conditioned on the Court's approval of the said motion for judgment and the entry of the judgment of this Court incorporating the terms of paragraphs 3 through 11 set forth below, which may be enforced fully through the Court's contempt powers and through other procedures set forth in the Common Law, General Statutes and Connecticut Practice Book applicable to the enforcement of judgments of the Superior Court of the State of Connecticut. If the Court fails or refuses for any reason to grant said motion or does not render a judgment incorporating paragraphs 3 through 11 of this Stipulated Judgment, the plaintiff and defendants, Central Rigging & Transfer, LLC and Central Auto & Transport, LLC, shall

retain all rights and remedies they have at law, including, without limitation, the continuation of the instant action.

3. Central Rigging & Transfer, LLC and Central Auto & Transport, LLC hereby stipulate to liability for the accident described in the Plaintiff's complaints and the damages suffered by the Plaintiff as a result thereof.

4. The defendants, Central Rigging & Transfer, LLC and Central Auto & Transport, LLC, hereby further stipulate that judgment may enter against them in the above captioned matter in the amount of Three Million Seven Hundred and Fifty Thousand Dollars ($3,750,000) [handwritten: $3,750,000], plus taxable costs, of which sum only Thirty-Five Thousand Dollars ($35,000) is payable directly by Defendants Central Rigging & Transfer, LLC and/or Central Auto & Transport, LLC in full settlement of this litigation by the plaintiff against Central Rigging & Transfer, LLC and Central Auto & Transport, LLC.

5. In order to induce the plaintiff to enter into this Stipulated Judgment, the defendants, Central Rigging & Transfer, LLC and Central Auto & Transport, LLC, represent they collectively have minimal assets, if any, taking into consideration all outstanding debts and liabilities of these corporate entities except for contract and/or tort claims and rights that they may have against their former insurance companies, Progressive Insurance Company and its affilliates specifically including Progressive Northwestern Insurance

Conmpany and their successors, agents and assigns (hereinafter "Progressive") and Nautilus Insurance Company (hereinafter "Nautilus") relating to insurance contract matters between such insurance carriers and Central Rigging & Transfer, LLC and/or Central Auto & Transport, LLC.

6. The defendants, Central Rigging & Transfer, LLC and Central Auto & Transport, LLC hereby agree to assign any and all rights and claims they have against Progressive and/or Nautilus resulting fron the denial of coverage, refusal to defend Central Rigging & Transfer, LLC and Central Auto & Transport, LLC in the above captioned matter and refusal to pay the judgment entered hereby which includes all statutory, tort, common law and contract claims and rights that these Defendants have against Progressive and/or Nautilus for ultimate satisfaction and payment of this Stipulated Judgment, or any portion thereof may be had.

7. The plaintiff, Eric Veilleux, provided the Court approves and enters this Stipulated Judgment, agrees to pursue collection and satisfaction of this Judgment against Central Rigging & Transfer, LLC and Central Auto & Transport, LLC solely through enforcement and pursuance of the above described rights and claims and agrees not to pursue Central Rigging & Transfer, LLC and/or Central Auto & Transport, LLC in any form or forum for any and all claims arising out of the events alleged in Plaintiff's

complaint and any amended complaints as well as any claims regarding the payment and satisfaction of this Judgment, except said Defendants agree to pay to Plaintiff the sum of Thirty Five Thousand ($35,000.00), without costs, upon entry of the Judgment, said payment to be made within seven (7) days of entry of this Judgment.

8. Defendants, Central Rigging & Transfer, LLC and Central Auto & Transport, LLC acknowledge by execution of this Stipulated Judgment the sufficiency of the process served upon them in this action, the method by which said service was made, this Court's jurisdiction over them, and this Court's jurisdiction over the subject matter of this action. Defendants also waive any rights they may have under the statutes of the State of Connecticut, the Connecticut Practice Book or otherwise to appeal from the entry of a judgment incorporating the terms of this Stipulated Judgment, to seek a stay of the execution of any such judgment, to collaterally attack any such judgment, or to seek to reopen any such judgment.

9. Defendants Central Rigging & Transfer, LLC and Central Auto & Transport, LLC further stipulate and agree that through their agents and employees, they will cooperate with plaintiff in the prosecution of any and all claims as described above against Progressive and/or Nautilus by providing information and testimony as requested by the Plaintiff.

10. This agreement shall inure to the benefit of and be binding upon the parties hereto and

their respective heirs, successors and assigns.

11. The parties agree and acknowledge that this Stipulated Judgment constitutes the entire agreement between the parties regarding the subjects addressed herein. Each acknowledges that the other has made no promises or representations other than those set forth in this Stipulation.

PLANTIFF

_____            _____
CARROLL VEILLEUX                            Eric Veilleux
CARROLL VEIL

STATE OF CONNECTICUT          :
                              : ss:        HARTFORD, CT
COUNTY OF HARTFORD            :

On this _____30th_____ day of March, 2016, before me, the undersigned officer, personally appeared ERIC VEILLEUX, executed the foregoing instrument as his free act and deed for the purposes therein contained by signing his name.

In witness whereof I hereunto set my hand.

_____
Commissioner of the Superior Court
Notary Public
My Commission Expires:

_____
Lee-Ann Greco

_____
John P. Clifford, Jr

DEFENDANT,
CENTRAL RIGGING & TRANSFER, LLC

By: _____
Robert Greco
Its President

_____
Lee-Ann Greco

_____
John P. Clifford, Jr

DEFENDANT,
CENTRAL AUTO & TRANSPORT, LLC

By: _____
Robert Greco
Its President

STATE OF CONNECTICUT      :
                          : ss:      HARTFORD, CT
COUNTY OF HARTFORD        :

    On this ___30th___ day of March, 2016, before me, the undersigned officer, personally appeared ROBERT GRECO, on behalf of CENTRAL RIGGING & TRANSFER, LLC, who acknowledged himself to the be President of said CENTRAL RIGGING & TRANSFER, LLC, executed the foregoing instrument as his free act and deed on behalf of CENTRAL RIGGING & TRANSFER, LLC for the purposes therein contained by signing his name on behalf of defendant CENTRAL RIGGING & TRANSFER, LLC.

    In witness whereof I hereunto set my hand.

_____
Commissioner of the Superior Court
~~Notary Public~~
~~My Commission Expires:~~

STATE OF CONNECTICUT:

COUNTY OF HARTFORD : ss: HARTFORD, CT

On this ___30th___ day of March, 2016, before me, the undersigned officer, personally appeared ROBERT GRECO, on behalf of CENTRAL AUTO & TRANSPORT, LLC, who acknowledged himself to the be President of said CENTRAL AUTO & TRANSPORT, LLC, executed the foregoing instrument as his free act and deed on behalf of CENTRAL AUTO & TRANSPORT, LLC for the purposes therein contained by signing his name on behalf of defendant CENTRAL AUTO & TRANSPORT, LLC.

In witness whereof I hereunto set my hand.

_____
Commissioner of the Superior Court
~~Notary Public~~   John P. Clifford, Jr.
~~My Commission Expires:~~