UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ERIC VEILLEUX,<br><br>    *Plaintiff*,<br><br>    v.<br><br>PROGRESSIVE NORTHWESTERN<br>INSURANCE COMPANY,<br><br>    *Defendant*. | No. 3:16cv2116 (MPS) |

## ORDER VACATING PORTIONS OF EARLIER SUMMARY JUDGMENT RULING IN CONNECTION WITH SETTLEMENT

On April 20, 2020, I referred the parties in this case to a mediation before the Honorable William I. Garfinkel. Judge Garfinkel conducted multiple discussions with the parties aimed at settling the case without a trial. Recently, Judge Garfinkel informed me that the parties had reached an agreement to settle the case that was contingent on my vacating two portions of my September 13, 2018 ruling denying summary judgment, ECF No. 99, namely, the portions discussing the Motor Carrier Act and hired auto coverage endorsements. *See* ECF No. 99 at 9-12 (discussing Motor Carrier Act endorsement), 12-15 (discussing hired auto coverage endorsement). Because the requested vacatur is a condition of the settlement, because the interest of both parties and the Court would be advanced by the settlement (the latter due to the avoidance of expending judicial resources on a trial), and because the public interest in preserving the two above-mentioned portions of the summary judgment ruling is slight, I hereby VACATE those two portions of the summary judgment ruling, specifically, Sections IV.A.1 and IV.A.2. of the document filed under docket #99 in this case (consisting of most of pages 9

through 15 of the summary judgment ruling).  Further, because, as I understand it, the issuance of this order was the only remaining condition to be satisfied before the settlement would become effective, the case is hereby DISMISSED.

Rule 54 of the Federal Rules of Civil Procedure makes clear that all rulings and orders entered before final judgment "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54.  In the related context of settlements following a final judgment, courts have permitted vacatur only under "exceptional circumstances." *Microsoft Corp. v. Bristol Technology, Inc.*, 250 F.3d 152, 154 (2d Cir. 2001).  Although the Second Circuit "has declined to define what circumstances should be considered 'exceptional,' it "has highlighted several considerations that weigh in favor of vacatur," including when "the judgment to be vacated is one of a federal district court because district court decisions, unlike the decisions of States' highest courts and federal courts of appeals, are not precedential in the technical sense." *Pitterman v. General Motors LLC*, 2018 WL 6435902 *2 (D. Conn. Dec. 7, 2018)(internal quotation marks omitted).  "The public interest in preserving a district court opinion is further diminished when its chief precedential value is its interpretation of state law." *Id.*

Here, I am being asked to vacate portions of an interim ruling under Rule 54 – a context that arguably allows for more liberal use of vacatur than in the context of final judgments under Rule 60.  *Compare* Fed. R. Civ. P. 54 (allowing revision of interim rulings "at any time" before entry of final judgment) *with* Fed. R. Civ. P. 60 (setting forth certain time limits and specific grounds on which the Court may "relieve a party … from a final judgment …."). But even if I were to apply the Second Circuit's teachings described above – which address the related issue of whether to allow vacatur of final judgments – I would still conclude that vacatur of my interim

summary judgment ruling was appropriate here.  First, my ruling is, of course, one by a district court and thus, as noted, "not precedential" in the sense that it "create[s] no rule of law binding on other courts." *ASTI Communications, Inc. v. Shaar Fund, Ltd.,* 547 F.3d 109, 112 (2d Cir. 2008)(footnote omitted).  Second, the portions of my summary judgment ruling that this ruling vacates interpret state law, which further diminishes the public interest in preserving those portions.  Although the discussion of the Motor Carrier Act endorsement does discuss federal law, the operative part of that discussion addresses Connecticut law and, in particular, "the question of whether Connecticut law has expanded coverage under the MCS-90 endorsement." (ECF No. 99 at 10.)  The discussion of the hired auto endorsement is simply an interpretation of the language of the relevant insurance policy – obviously an issue of state law.  Accordingly, the public interest in preserving these portions of the ruling is slight.  That interest is easily outweighed by the parties' interest in resolving this three-and-a-half year old lawsuit without further expense, which cannot be accomplished without the requested vacatur, as well as the Court's interest in freeing judicial resources to focus on other court business.

Accordingly, the portions of the summary judgment ruling discussing the Motor Carrier Act endorsement and the hired auto endorsement, ECF No. 99 at Sections IV.A.1 and IV.A.2, are hereby VACATED and, because the case has been fully resolved, the case is DISMISSED.  The Clerk is instructed to close the case.  The parties may file any motion to reopen within 30 days.  This deadline may be extended for good cause shown.

IT IS SO ORDERED.

_____/s/_____
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
June 24, 2020